## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02435

TENDRIL NETWORKS, INC.

        Plaintiff,

v.

MARISSA HUMMON and
JESS MELANSON,

        Defendants.

---

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR EXPEDITED DISCOVERY OR, IN THE ALTERNATIVE, CROSS-
## MOTION FOR EXPEDITED DISCOVERY

---

Defendants Marissa Hummon and Jess Melanson (together, "Defendants") hereby oppose Plaintiff Tendril Networks, Inc.'s ("Tendril") Motion for Expedited Discovery in the above-captioned action. Alternatively, should the Court grant Tendril's motion, Defendants respectfully request that they also be permitted expedited discovery commensurate with the expedited discovery granted to Tendril.

### INTRODUCTION

Tendril has brought this action against Defendants, alleging that they, former Tendril employees, retained and misappropriated Tendril's confidential information and trade secrets to compete with Tendril by working at Utilidata, Inc. ("Utilidata") and, in so doing, violated certain of their agreements with Tendril. On September 24, 2018—over a month after learning of Defendants' intent to depart for Utilidata—Tendril filed an unverified Complaint for Injunctive relief (Doc. 1) and a Motion for Preliminary Injunction (Doc. 3), devoid of any supporting or

admissible evidence. Tendril now seeks expedited discovery outside of the mandates of Fed. R. Civ. P. 26(d), which is presumably intended to support its motion for a preliminary injunction.

Tendril has, however, failed to provide the Court with the required good cause or, indeed, any sound rationale for expedited discovery. Moreover, Tendril has also failed to provide the Court with any information or explanation of the scope or subject matter of the requested expedited discovery it seeks, apart from proposed numerical limits.

For these reasons, and as detailed below, the Court should deny Tendril's motion.

## BACKGROUND[1]

As alleged in the Complaint, Tendril provides energy management data analytics and software to energy utilities. (Compl. ¶ 7.) Defendants, two former Tendril employees, signed Employee Confidentiality and Inventions Assignment Agreements containing noncompetition, nonsolicitation, nondisclosure, and assignment of inventions provisions, as well as a provision concerning the return of Tendril's property upon termination of employment. (*Id.* ¶¶ 12-27.)

Defendants informed Tendril on August 17, 2018 of their intent to resign and work for Utilidata, a company that sells software that helps utilities better manage their electric grid assets. (*Id.* ¶ 32.) Over a month later, Tendril filed this action claiming that Defendants retained Tendril's purported confidential and trade secret information for the purpose of misappropriating and using such information to compete with Tendril in violation of trade secret laws and their agreements with Tendril. (*See generally id.*) Now, having failed to provide any—much less sufficient—evidence to establish good cause, Tendril seeks permission to engage in expedited discovery. Such permission should be denied.

---

[1] Defendants cite to the allegations in the Complaint for purposes of providing relevant background based on the Plaintiff's contentions. In so doing, Defendants do not, however, admit the allegations. Rather, Defendants will respond to Tendril's allegations and claims in their forthcoming responses to Tendril's motion for preliminary junction and the Complaint.

**ARGUMENT**

Rule 26(d)(1), Fed. R. Civ. P., prohibits a litigant from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)." Although a court may allow discovery on an expedited basis, the party "seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Comm. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citing *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002)). "Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Warner Bros. Records, Inc. v. Does 1-20*, Civ. No. 07-cv-01131-LTB-MJW, 2007 WL 1655365, at *1 (D. Colo. 2007) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "In applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery." *Qwest*, 231 F.R.D. at 420. Even where a motion for expedited discovery accompanies a motion for preliminary injunction, such discovery should be denied where the moving party's requests are overly broad and not reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing. *Id.* (citing *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. Civ. A. 98-CV-2782, 1998 WL 404820 (E.D. Pa. 1998)); *see also Washington v. Correia*, 546 Fed. Appx. 786, 787 (10th Cir. 2013) ("It [is] well within the court's discretion to decline to authorize expedited discovery.").

As explained below, not only has Tendril failed to demonstrate good cause, it has failed to even specify the requests it seeks so as to permit the Court to assess the appropriateness of the requested discovery and determine whether such discovery is sufficiently narrow and

appropriately tailored to the issues to be addressed in connection with its preliminary injunction motion. Accordingly, Tendril's motion should be denied.

**A.      Tendril's Delay in Filing this Action and Seeking a Preliminary Injunction Belies Its Need for Expedited Discovery.**

In filing this motion and the accompanying motion for a preliminary injunction, Tendril has created a false sense of urgency with regard to its claims against Defendants. There is simply no need for expedited discovery (or injunctive relief, for that matter) in this case, as demonstrated by the fact that Tendril learned that Defendants were leaving to go work for Utilidata on August 17, 2018, but did not file this action or its motion for a preliminary injunction until over five weeks later, on September 24, 2018, during which time there was no change to the status quo. Certainly, if this matter required expediency in any way, including expedited discovery, Tendril would not have waited so long to seek redress in the courts. The Court should not permit Tendril to delay in bringing its claims against Defendants and then create a manufactured need for expedited discovery to support those claims. Tendril's motion should therefore be denied.

**B.      Tendril Has Made it Impossible for the Court to Determine Whether its Discovery Requests are Narrowly Tailored to the Relevant Issues.**

As set forth above, in assessing the instant motion, the Court must consider the scope of the requested expedited discovery to ensure that it is reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing and not overly broad. Tendril has completely frustrated the Court's ability to conduct this necessary inquiry by failing to provide the substance of the requested interrogatories, document requests, subpoena to Utilidata, and Rule 30(b)(6) notice. Indeed, in the absence of any specificity regarding the scope of Tendril's proposed expedited discovery, it is more likely than not that such discovery would add nothing to the factual allegations already set forth in Tendril's Complaint and motion for preliminary

injunction. Accordingly, absent any showing that the discovery sought is reasonably tailored to the relevant issues, Tendril has abdicated its burden to show, and thus entirely failed to demonstrate, good cause for expedited discovery. Accordingly, Tendril's motion should be denied.

## CROSS-MOTION

Notwithstanding the foregoing, if the Court were inclined to grant Tendril's motion for expedited discovery, Defendants respectfully request that they be allowed expedited discovery commensurate with that granted to Tendril, so that they may obtain evidence to oppose Plaintiff's motion for a preliminary injunction. Although Defendants have not yet prepared formal discovery requests, should the Court grant expedited discovery, Defendants' specific discovery requests would include, but not be limited to, the following:

**Document Requests**

- All documents evidencing Tendril's plans, from January 1, 2017 to the present, to expand (or not expand) its Orchestrated Energy business into the non-utility demand management market;

- All documents evidencing communications between Jess Melanson and/or Marissa Hummon and Tendril's senior executives, including but not limited to Tendril's CEO, Adrian Tuck, from January 1, 2017 to the present, regarding Tendril's plans to expand (or not expand) its Orchestrated Energy business into the non-utility demand management market;

- All documents evidencing communications between Jess Melanson and Adrian Tuck, from January 1, 2017 to the present, regarding the possibility that Mr. Melanson might work together with Utilidata's CEO, Josh Brumberger, to create a new business focused on non-utility demand management, including but not limited to the possibility that such new business might partner with Tendril in some capacity;

- All documents evidencing communications between Adrian Tuck and any other Tendril corporate officer and/or board member, from January 1, 2017 to the present, regarding the possibility that Mr. Melanson might work together with Utilidata's CEO, Josh Brumberger, to create a new business focused on non-utility demand management, including but not limited to the

5

  possibility that such new business might partner with Tendril in some capacity; and

- All documents evidencing communications between Marissa Hummon and Adrian Tuck, from January 1, 2017 to the present, regarding Ms. Hummon's desire to move into an executive role with either Tendril or another company, including but not limited to all communications in which Mr. Tuck encouraged Ms. Hummon to leave Tendril if she could find such an executive opportunity elsewhere.

**Interrogatories**

- Describe all communications between Jess Melanson and/or Marissa Hummon and Tendril's senior executives, including but not limited to Tendril's CEO, Adrian Tuck, from January 1, 2017 to the present, regarding Tendril's plans to expand (or not expand) its Orchestrated Energy business into the non-utility demand management market;

- Describe all communications between Adrian Tuck and any other Tendril corporate officer and/or board member, from January 1, 2017 to the present, regarding the possibility that Mr. Melanson might work together with Utilidata's CEO, Josh Brumberger, to create a new business focused on non-utility demand management, including but not limited to the possibility that such new business might partner with Tendril in some capacity; and

- Describe all communications between Marissa Hummon and Adrian Tuck, from January 1, 2017 to the present, regarding Ms. Hummon's desire to move into an executive role with either Tendril or another company, including but not limited to all communications in which Mr. Tuck encouraged Ms. Hummon to leave Tendril if she could find such an executive opportunity elsewhere.

Defendants propose that Tendril be required to respond to Defendants' document requests and interrogatories within five (5) business days.

**Deposition**

Defendants seek a Rule 30(b)(6) deposition of Tendril, to be completed on or before October 19, 2018, with the list of topics limited to those covered by the foregoing document requests and interrogatories.

## CONCLUSION

Tendril has failed to meet its burden of showing good cause for the requested departure from usual discovery procedures. Instead, Tendril seeks potentially wide-ranging, overbroad, and prejudicial discovery at this very early stage of litigation, encumbered only by restrictions on the number of requests or depositions. Tendril has entirely ignored its burden of proving compelling urgency or relationship of the expedited discovery sought to the issues in its motion for a preliminary injunction. This Court should therefore deny Tendril's Motion for Expedited Discovery. In the alternative, if the Court were to grant Tendril's motion, Defendants respectfully request that the Court grant their cross-motion and permit expedited discovery on behalf of Defendants as well.

Dated: October 2, 2018

Respectfully submitted,

/s/ Stephen B. Reed
Russell Beck
Stephen B. Reed
Laura M. Raisty
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
(617) 500-8660
(617) 500-8665 (fax)
rbeck@beckreed.com
sreed@beckreed.com
lraisty@beckreed.com

*Attorneys for Defendants Marissa Hummon and Jess Melanson*

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 2, 2018, a copy of the foregoing was served via the CM/ECF electronic filing system on the following:

Brett C. Painter
DAVIS GRAHAM STUBBS LLP
1550 17th Street, Suite 500
Denver, CO  80202

*Attorneys for Plaintiff Tendril Networks, Inc.*

                 */s/ Stephen B. Reed*
                 Stephen B. Reed