IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02435-RM-NRN

TENDRIL NETWORKS, INC.,

    Plaintiff,

v.

MARISSA HUMMON, and
JESS MELANSON,

    Defendants.

---

# ORDER

---

This matter comes before the Court on the parties' Joint Status Report (ECF No. 62), filed in response to the Minute Order (ECF No. 61) where the Court questioned if it could retain subject matter jurisdiction over an order, upon dismissal with prejudice of the case in which the order was entered. The Court has considered the parties' response, and the non-controlling cases cited therein, but finds them inapposite and/or (with all due respect to the other judges) unpersuasive. For example, in *U.S. v. Cooper*, No. Civ. 03-B-1127(PAC), 2001 WL928190, at *2 (D. Colo. Mar. 16, 2004), a *judgment* had been entered on the permanent injunction. A matter which the Court raised in its Minute Order of November 28, 2018 (ECF No. 23), i.e., why judgment should not be entered on the permanent injunction order.

The Court is mindful that the parties wish to fully resolve this case, and offers the following for the parties' consideration:

- The Court could dismiss the case with prejudice and specifically retain jurisdiction over the parties' settlement agreement (assuming that gets the parties to the position they wish to be in), *see* 9 Charles Alan Wright et al., Federal Practice & Procedure § 2366 (3d ed. 2018) (discussing matters over which a court may condition dismissal);

- The Court could enter a consent judgment on the permanent injunction order, and dismiss any claim(s), with prejudice, which does not seek permanent injunctive relief; or

- The Court could administrative close this case pursuant to D.C.COLO.LCivR 41.2, which may be reopened upon good cause.[1]

The parties are aware that a stipulation under Fed. R. Civ. P. 41(a)(1)(A)(ii) is generally effective without a court order, i.e., it terminates the case automatically. *See* 9 Charles Alan Wright et al., Federal Practice & Procedure § 2363 (3d ed. 2018) (discussing automatic dismissals under Rule 41(a)). Here, however, the parties have conditioned that stipulation upon the Court retaining jurisdiction over the permanent injunction order, which the Court declines to do. Thus, it is hereby ORDERED

(1) That on or before March 15, 2019, the parties shall provide a status report as to how they wish to proceed; and

---

[1] Of course, upon review of this matter, if the parties have another proposal, they may present it to the Court for consideration.

(2) In the interim, the Court holds the parties' Stipulation (ECF No. 60) in abeyance.

DATED this 4th day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge